IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD L. PORTER,<br><br>　　　　　　Plaintiff,<br>　　vs.<br>DONALD C. WINTER, Secretary of the Department of the Navy,<br>　　　　　　Defendant.<br>_____/ | CASE NO. CV F 06-0880 LJO SMS<br><br>**ORDER ON DEFENDANT'S MOTION TO DISMISS** |

Defendant Donald C. Winter, Secretary of the Department of the Navy, moves to dismiss on the grounds of 12(b)(1) - lack of subject matter jurisdiction- and 12(b)(6) - failure to state a claim on which relief can be granted. Plaintiff Ronald Porter filed an opposition on February 5, 2007. Defendant filed a reply on February 20, 2007. Pursuant to Local Rule 78-230(h), this matter was submitted on the pleadings without oral argument. Having considered the moving, opposition, and reply papers, as well as the Court's file, the Court issues the following order.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff challenges an Equal Employment Opportunity Commission ("EEOC") administrative award of attorneys fees of $3,395.00 and $1,000.00 in costs on his administrative claims. In his federal complaint, Plaintiff alleges that "the Navy failed to pay all of his attorney fees and cost[s] and all his costs as prevailing party." (Doc. 1, Complaint p.1.) He alleges that he is entitled to have all of his costs and all of his attorneys' fees paid for by the Navy for the processing of his Equal Opportunity complaint.

(Doc. 1, Complaint ¶5.) Attached to his complaint is a decision by the United States Equal Opportunity Commission on April 21, 2001 wherein defendant was found to have unlawfully retaliated against plaintiff for plaintiff's prior equal opportunity activity. Also attached to the complaint, is an Appeal, numbered 01A43720, to the U.S. Equal Opportunity Commission, Office of Federal Operations, entitled "Denial" dated April 12, 2006. The April 12, 2006 Appeal, numbered 01A43720, is itself a reconsideration of an appeal by plaintiff for recovery of all of his attorney fees. The April 12, 2006 Appeal, numbered 01A43720, denies reconsideration and affirms the appeal wherein plaintiff was awarded:

> "To the extent that it has not already done so and within thirty days of the date of this decision becomes final, the agency shall pay to the complainant $3395.00 in attorneys' fees and $1000.00 in costs. . ."

In his complaint, plaintiff prays "that the Navy be ordered to pay him for all his personal costs incurred and all his attorneys fees and costs related to the administrative processing of his Equal Opportunity Complaint." (Doc. 1, Complaint ¶6.) Plaintiff also seeks costs in this action. (Doc. 1, Complaint ¶9.)

## ANALYSIS & DISCUSSION

**Motion To Dismiss Standards**

    **1.**    **Rule 12(b)(1)**

A party may challenge the court's jurisdiction over the subject matter of the complaint under Fed.R.Civ.P. 12(b)(1). A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack jurisdiction either "facially" or "factually." *Thornhill Publishing Co. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)

The Government contends plaintiff's complaint should be dismissed under F.R.Civ.P. 12(b)(1) to dismiss for lack of subject matter jurisdiction. Fundamentally, federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 341 (1994). The presumption is that federal courts are "without jurisdiction unless the contrary affirmatively appears." *Fifty Associates v. Prudential Ins. Co. of America*, 446 F.2d 1187, 1190 (9th Cir. 1970). Limits on federal jurisdiction must neither be disregarded nor evaded. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S.Ct. 2396 (1978).

A plaintiff bears the burden of establishing that subject matter jurisdiction is proper. *Kokkonen*, 511 U.S. at 377, 98 S.Ct. 2396. This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over an action. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780 (1936); F.R.Civ.P. 8(a)(1). When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading. *Thornhill Publishing Co.,* 594 F.2d at 733; *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977); *Cervantez v. Sullivan*, 719 F.Supp. 899, 903 (E.D. Cal. 1989), *rev'd on other grounds*, 963 F.2d 229 (9th Cir. 1992).[1] A motion to dismiss for want of subject matter jurisdiction may be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conely v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957); *Sherman v. Yakahi*, 549 F.2d 1287 (9th Cir. 1977).

**2.    Rule 12(b)(6)**

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) (for failure to state a claim upon which relief can be granted) is a challenge to the sufficiency of the pleadings set forth in the complaint. A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229 (1984)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). A Fed.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

In resolving a Rule 12(b)(6) motion, the court must (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine

---

[1] A defendant may also attack the existence of subject matter jurisdiction apart from the pleadings. *Mortensen*, 549 F.2d at 891. In such a case, a court may rely on evidence extrinsic to the pleadings and resolve factual disputes relating to jurisdiction. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir.), *cert. denied*, 493 U.S. 993, 110 S.Ct. 541 (1989); *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). In this case, the Government's motion to dismiss for lack of subject matter jurisdiction is a facial challenge to the complaint and the Court did not review or rely on extrinsic evidence, except as addressed *infra*.

1  whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F3d 336, 337-338 (9th Cir. 1996).

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

On a motion to dismiss, a court may take judicial notice of facts outside the pleadings. *Mack v. So. Bay Beer Distributing, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 111, 111 S.Ct. 2166 (1991); *Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd.*, 245 F.2d 67, 70 (9th Cir. 1956). The court may properly look beyond the complaint to matters of public record and doing so does not convert a F.R.Civ.P. 12(b)(6) motion to a summary judgment motion. *Mack*, 798 F.2d at 1282; *see Phillips v. Bureau of Prisons*, 591 F.2d 966, 969 (D.C. Cir. 1979).

Documents attached to the complaint and incorporated therein by reference are treated as part of the complaint for purposes of a Rule 12(b)(6) motion. *In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 16 (1st Cir. 2003).

**Underlying Discriminatory Practice**

As shown from the EEOC decision attached to the complaint, claimant's underlying claim against defendant, which was adjudicated before the EEOC, was for retaliation in violation of Title VII.

It shall be an unlawful employment practice for an employer--

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . .42 U.S.C. § 2000e-2.

Retaliation is specifically precluded by Title VII:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter . . . 42 U.S.C. § 2000e-3.

Federal employees are equally protected from similar discriminatory practices. 42 U.S.C. §2000e-16(a).

An employee who is dissatisfied with either the EEOC action/decision or inaction "may file a civil action" "in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. §2000e-16( c). Federal courts are granted subject matter jurisdiction over actions brought under title VII. 42 U.S.C. §2000e-5(f)(3):

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed . . .  42 U.S.C.A. § 2000e-5(3).

**Subject Matter Jurisdiction**

Defendant argues that the jurisdictional grant provided in 42 U.S.C. 2000e-5(f)(3) does not encompass claims for solely for attorney's fees incurred administratively, without a substantive claim for violation of Title VII. In support of its argument that the defect in the complaint is jurisdictional, the defendant cites *Chris v. Tenet*, 221 F.3d 648, 652 (4th Cir.2000). Defendant argues that a claim for additional relief only, like a claim for attorney's fees and costs only, is not an action under Title VII sufficient to confer subject-matter jurisdiction in the district court. 42 U.S.C.A. § 2000e-5(f)(1).

In *Chris*, the federal-employee plaintiff filed a discrimination claim with her employing agency, and the agency settled the claim. *Id.* at 649-50. The parties could not agree, however, on the amount of fees and costs, and the plaintiff filed a petition with the Office of Federal Operation ("OFO") for fees and costs. *Id.* at 650. The OFO awarded her some fees and costs, but less than she sought. *Id.* The plaintiff then filed a claim in district court seeking additional fees and costs. *Id.* The district court dismissed the suit for want of subject-matter jurisdiction. *Id.* On appeal, the decision was affirmed, concluding that Title VII's jurisdiction-conferring provision--"[e]ach United States district court ... shall have jurisdiction of actions brought under this subchapter," 42 U.S.C.A. § 2000e-5(f)(1)--did not extend to actions for fees and costs only:

> "[T]he phrase 'actions brought under this subchapter' refers only to legal proceedings in a court of law to enforce the substantive rights guaranteed by Title VII, specifically the right to be free from employment discrimination on the basis of race, color, religion, sex, or national origin.... [A]n 'action brought under this subchapter' ... must involve a claim to remedy an unlawful employment practice, rather than contain only a single claim for attorney's fees and costs." *Id.* at 652.

Thus, Fourth Circuit delivered an unequivocal holding that federal courts lack jurisdiction over a claim brought solely to recover attorney's fees and costs incurred in the Title VII administrative process. *Chris*, 221 F.3d at 654. In *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006), the court held that Title VII does not authorize a federal-sector employee to bring a civil action alleging only that the OFO's remedy was insufficient. Rather, in order properly to claim entitlement to a more favorable remedial award, the employee must place the employing agency's discrimination at issue. 438 F.3d at 423 (finding that the claims alleged in the complaint requested resolution of claims for additional relief which required interpretation of Title VII, a federal law, and therefore, the district court had subject matter jurisdiction over Laber's claim under § 1331).

But contra authority also exists. *See Jones v. American State Bank*, 857 F.2d 494, 498 (8th Cir. 1988) (stating that the district court's refusal to award fees where Title VII claim is settled before suit is filed would discourage complainants from settling claims expeditiously.) Where additional claims require resolution, the District Court has jurisdiction. *Nestor v. Pratt & Whitney,* 466 F.3d 65, 70 (2nd Cir. 2006) (refusing to follow *Chris v. Tenent* because plaintiff also sought compensatory damages unavailable in the state proceeding, such as emotional distress and punitive damages.)

In *North Carolina Dept. of Transp. v. Crest Street Committee Council, Inc.*, 479 U.S. 6, 107 S.Ct. 336, 93 L.Ed.2d 188 (1986), the Supreme Court held that a district court lacked jurisdiction over an action seeking nothing but attorney's fees brought by Title VI, 42 U.S.C. §1988, by plaintiffs who had prevailed in administrative proceedings. In *Crest Street*, community groups in a black neighborhood filed an administrative complaint with the United States Department of Transportation, challenging an allegedly race-biased plan to build a highway through their neighborhood. After negotiation, plaintiffs reached a settlement with the state and city defendants. The plaintiffs then filed an action in district court for attorney's fees under 42 U.S.C. § 1988. The Supreme Court, considering only the question "whether attorney's fees under § 1988 can be sought in a court action other than litigation in which a party seeks

to enforce the civil rights laws listed in § 1988," *Crest Street*, 107 S.Ct. at 340, held that the Crest Street plaintiffs were not entitled to attorney's fees for work in connection with the negotiations which led to the favorable settlement. The Court found it "entirely reasonable to limit the award of attorney's fees to those parties who, in order to obtain relief, found it necessary to file a complaint in court." *Id.* at 341. *See also Rock Creek Ltd. P'ship v. State Water Res. Control Bd.*, 972 F.2d 274, 279 (9th Cir.1992) (stating that plaintiff could not recover attorney's fees under Section 1988 because the prior administrative proceeding was "not a condition precedent to its entry to federal court"), *cert. denied,* 508 U.S. 949 (1993).

Here, plaintiff's complaint alleges that he was awarded some but a not all of his attorney's fees and costs for the administrative proceeding before the EEOC. His complaint alleges one claim for relief and requests that he be awarded all of his fees and costs. Plaintiff's complaint does not allege violation of Title VII. Plaintiff's complaint does not allege that the denial of his requested attorney's fees violated Title VII because it was discriminatory; nor does he seek redetermination of his original discrimination claims. His complaint does not allege any substantive claims for violation of 42 U.S.C. §2000e-3, e-5, or e-16. In sum, his complaint does not state a claim under Title VII.

Plaintiff cites *New York Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 65 (1980) (*Carey*) for the proposition that he has the right to recover for legal work done in an administrative proceeding. In *Carey*, an employee prevailed on her discrimination claim after pursuing an administrative remedy. 447 U.S. at 57-59. At the same time, she had been pursuing a federal action under Title VII. *Id.* at 58- 59. When the New York Court of Appeals denied the employer's motion for leave to appeal, the parties agreed that the federal suit could be dismissed except for the employee's prayer for attorneys' fees, which were not recoverable under state law. *Id.* at 67 n. 7. The Court held that the "Title VII merely provides a supplemental right to sue in federal court if satisfactory relief is not obtained in state forums." *Id.* at 67. As a result, the Court affirmed the Second Circuit's opinion awarding attorneys' fees because "[o]ne aspect of complete relief is an award of attorneys' fees." *Id.* at 67-68.

However, *Carey* has been limited in its holding. In *Crest Street,* 479 U.S. 6, a majority of the Court expressly rejected the policy concerns that had been used to extend the holding in *Carey* past the facts and issues actually presented in that case, calling the concerns "dicta" and "exaggerated." *Id.*, at

7

1 13-15, 107 S.Ct. 336. More specifically, the Court stated, rather than encouraging litigants to flee the
2 state process as soon as possible by allowing attorney's fees to be awarded by a federal court only when
3 the complainant is also seeking vindication of substantive rights "creates a legitimate incentive for
4 potential civil rights defendants to resolve disputes expeditiously, rather than risk the attorney's fees
5 liability connected to civil rights litigation." *Id.*, at 15, 107 S.Ct. 336. Thus, the Supreme Court's decision
6 in *Crest Street* reined-in the broad language of *Carey*. *Carey* stands only for the proposition that a
7 litigant who is attempting to vindicate his substantive rights under Title VII in a federal court can be
8 awarded attorney's fees and costs incurred during state administrative proceedings. The factual scenerio
9 is not the instant case.

10 Plaintiff argues that he is entitled to fees under the Equal Access to Justice Act. *Sullivan v.*
11 *Hudson*, 490 U.S. 877, 109 S.Ct. 2248 (1989), involved an award of attorneys fees to a social security
12 claimant under the Equal Access to Justice Act, 28 U.S.C. § 2412, for legal services rendered in
13 administrative proceedings following a remand to the agency from the district court. The court noted that
14 "administrative proceedings may be so intimately connected with judicial proceedings as to be
15 considered part of the 'civil action' for purposes of a fee award." *Id.* at 892, 109 S.Ct. at 2257. The
16 administrative proceedings there were required by the remand from the district court, unlike those here.

17 This Court does not have jurisdiction to adjudicate solely a claim for attorney's fees without a
18 claim of a substantive violation of Title VII and the complaint fails to state a claim on which relief can
19 be granted.

20 **Leave to Amend**

21 In his opposition, plaintiff requests leave to amend to include a substantive Title VII claim.
22 (Doc. 10, Plaintiff's opposition p.9:15.)  Defendant argues that any amendment would be legally
23 prohibited due to plaintiff's untimely filing of this action.  Defendant argues that plaintiff failed to file
24 within 90 days of receipt of the notice of final action, taken by the EEOC, which was on July 16, 2003.
25 Plaintiff did not file suit until 3 years later in July 200**6.** Defendant attaches to its opposition an
26 uncertified copy of a "Denial of Request for Reconsideration" by the US. Equal Employment
27 Opportunity Commission, signed by "Carlton M. Hadden, Director of Office of Federal Operations"
28 dated July 16, 2003.  (Doc. 12, Exh. A.)

Documents not under seal but bearing the signature of a purported officer or employee of any governmental entity included in Fed.R.Evid 902(1) are self-authenticating if accompanied by a certificate, under seal, of a public officer of that entity stating the signer's official capacity and that the signature is genuine. Fed.R.Evid 902(2); *Hunt v. Liberty Lobby*, 720 F.2d 631, 651 (11th Cir. 1983) (affidavits of certain CIA officials accompanied by certificate of CIA's General Counsel certifying that each affiant occupied position stated in his affidavit were self-authenticating.)

The "Denial of Request for Reconsideration" by the US. Equal Employment Opportunity Commission does not meet the criteria of Fed.R.Evid. 902(2). Accordingly, it is not self-authenticating and there is no other authentication of the document. Any ambiguity in the documents must be resolved in plaintiff's favor. *International Audiotext Network, Inc. v. AT & T Co.*, 62 F.3d 69, 72 (2nd Cir. 1995). Fed.R.Civ.P 15(a) expressly states leave to amend 'shall be freely given when justice so requires.' Accordingly, leave to amend will be granted.

## CONCLUSION

For the foregoing reasons, this Court:

1. GRANTS defendant's F.R.Civ.P. 12(b)(1) and (6) motion to dismiss with LEAVE TO AMEND.
2. ORDERS plaintiff, no later than 15 days from date of service of the order, to file an amended complaint in compliance with this order.

IT IS SO ORDERED.

**Dated:   March 1, 2007**            **/s/ Lawrence J. O'Neill**
b9ed48                                          UNITED STATES DISTRICT JUDGE