IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD L. PORTER,<br><br>          Plaintiff,<br><br>     vs.<br><br>DONALD C. WINTER, Secretary of the Department of the Navy,<br><br>          Defendant.<br>_____/ | CASE NO. CV F 06-0880 LJO SMS<br><br>**ORDER ON DEFENDANT'S MOTION TO DISMISS** |

## I. Introduction

Defendant Donald C. Winter, Secretary of the Department of the Navy ("Navy"), moves to dismiss on the grounds of 12(b)(1) - lack of subject matter jurisdiction- and 12(b)(6) - failure to state a claim on which relief can be granted. Plaintiff Ronald Porter ("Mr. Porter"), appearing pro se, opposes the motion to dismiss on the grounds that he has jurisdiction to litigate the instant action. Pursuant to Local Rule 78-230(h), this matter was submitted on the pleadings without oral argument. Having considered the moving, opposition, and reply papers, as well as the Court's file, the Court GRANTS the Navy's motion to dismiss.

## II. Background

Mr. Porter challenges an Equal Employment Opportunity Commission ("EEOC") administrative award of attorneys fees of $3,395.00 and $1,000.00 in costs on his administrative claims. In his original

complaint, Plaintiff alleged that "the Navy failed to pay all of his attorney fees and cost[s] and all his costs as prevailing party." (Doc. 1, Complaint p.1.) He further alleged that he is entitled to have all of his costs and all of his attorneys' fees paid for by the Navy for the processing of his Equal Opportunity complaint. (Doc. 1, Complaint ¶5.) The request for attorneys' fees stems from a decision dated April 21, 200, wherein the Navy was found to have unlawfully retaliated against Porter in an employment situation, in violation of Title VII.

Nearly two years after the EEOC's original finding of reprisal, on May 10, 2003, Porter requested the EEOC reconsider its decision because it did not address costs paid by Porter to process his complaint. Second Amended Complaint, p. 9. On July 16, 2003, the EEOC denied Porter's Request for Reconsideration, informing Plaintiff and his counsel that if they were dissatisfied with the decision, they could file an action in U.S. District Court within ninety calendar days. Denial of Request for Reconsideration, July 16, 2003, p. 4.

At that time, Mr. Porter did not file a lawsuit. Instead, he petitioned the Navy to pay his attorneys' fees and costs, as well as his out-of-pocket costs, which totaled $26,650.36. Second Amended Complaint, p.9. On April 1, 2004, the Navy agreed to pay only a small portion of Mr. Porter's requested amount. Second Amended Complaint, pp. 9-10. Nearly a year-and-a-half later, following another appeal by Porter, the EEOC issued its final decision regarding fees and costs. Decision, Sept. 20, 2005. The EEOC ordered the Navy to pay $3395 in attorneys' fees, and $1000 to be divided between the attorney and Plaintiff for costs. *Id.* at 4. The EEOC specified that the Navy should pay the above amounts within thirty days. *Id.* Plaintiff continued to appeal regarding attorneys' fees and costs, prompting the EEOC to again deny reconsideration of his claim. Denial, April 12, 2006. The EEOC stated that its decision of September 20, 2005 "remains the Commission's final decision" and noted "no further right of administrative appeal" regarding the issue. *Id.*

Mr. Porter filed this action on July 11, 2006. On March 2, 2007, this Court dismissed his original complaint and granted Mr. Porter leave to amend his complaint. In dismissing his Complaint, this Court reasoned:

> Here, plaintiff's complaint alleges that he was awarded some but a not all of his attorney's fees and costs for the administrative proceeding before the EEOC. His complaint alleges one claim for relief and requests that he be awarded all of his fees and

costs. Plaintiff's complaint does not allege violation of Title VII. Plaintiff's complaint does not allege that the denial of his requested attorney's fees violated Title VII because it was discriminatory; nor does he seek redetermination of his original discrimination claims. His complaint does not allege any substantive claims for violation of 42 U.S.C. §2000e-3, e-5, or e-16. In sum, his complaint does not state a claim under Title VII. (Order Granting Motion to Dismiss, p. 7, Doc. 15).

### III. ANALYSIS

**A.  Motion To Dismiss Standards**

    **1.  Rule 12(b)(1)**

Fundamentally, federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 341 (1994). The presumption is that federal courts are "without jurisdiction unless the contrary affirmatively appears." *Fifty Associates v. Prudential Ins. Co. of America*, 446 F.2d 1187, 1190 (9th Cir. 1970). Limits on federal jurisdiction must neither be disregarded nor evaded. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S.Ct. 2396 (1978).

A plaintiff bears the burden of establishing that subject matter jurisdiction is proper. *Kokkonen*, 511 U.S. at 377, 98 S.Ct. 2396. This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over an action. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780 (1936); F.R.Civ.P. 8(a)(1). A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack jurisdiction either "facially" or "factually." *Thornhill Publishing Co. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading. *Thornhill Publishing Co.,* 594 F.2d at 733; *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977); *Cervantez v. Sullivan*, 719 F.Supp. 899, 903 (E.D. Cal. 1989), *rev'd on other grounds*, 963 F.2d 229 (9th Cir. 1992). A motion to dismiss for want of subject matter jurisdiction may be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conely v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957); *Sherman v. Yakahi*, 549 F.2d 1287 (9th Cir. 1977).

    **2.  Rule 12(b)(6)**

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) (for failure to state a claim upon which

relief can be granted) is a challenge to the sufficiency of the pleadings set forth in the complaint. A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229 (1984)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). A Fed.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

In resolving a Rule 12(b)(6) motion, the court must (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F3d 336, 337-338 (9th Cir. 1996).

**B.     Second Amended Complaint Title VII pleading**

Mr. Porter's underlying claim against defendant, which was adjudicated before the EEOC in 2001 with a final decision in 2003, was for retaliation in violation of Title VII. This Court in its previous order decided that the "jurisdictional grant provided in 42 U.S.C. §2000e-5(f)(3) does not encompass claims for solely for attorney's fees incurred administratively, without a substantive claim for violation of Title VII....This Court does not have jurisdiction to adjudicate solely a claim for attorney's fees without a claim of a substantive violation of Title VII and the complaint fails to state a claim on which relief can be granted." Order Granting Motion to Dismiss, p. 7, 8, Doc. 15.

In his amended complaint, Mr. Porter again asserts a claim for attorney's fees for the bulk of 13 pages. However, in an attempt to overcome the deficiency of his complaint, Mr. Porter inserts the following confusing and contradictory language:

> The question presented to the court in the initial complaint and here, was not just and attempt by Porter to receive additional attorney fees/costs..., but for the court to decide if the Navy's and the Commission's application/interpretation of the statutes addressing costs to be awarded to a prevailing complainant meets Congressional intent....If the court chooses to find no jurisdiction, it maybe (sic) an unwilling participant in fostering reprisal against federal employees (Second Amended Complaint, p.3).
> ...
> Porter does not wish to re-litigate the liability of his EEO complaint. It is being included in this 2nd Amended Complaint to ensure the court has jurisdiction (SAC, p.7).

4

> ...
> Porter intends to pursue the liability issue if the court determines that putting the Navy's liability at issue is the only way he can achieve compliance with the statutes and congressional intent governing his attorney fees/costs and his costs. If the court identifies jurisdiction over the amount of attorney fees/cost (sic) and Porter's costs, without relitigating liability, Porter has no interest in pursuing the liability issue, however, if he is forced to, he is going to seek additional damages not provided by the Commission, including compensatory damages. (SAC, p.8)

Mr. Porter has failed to establish subject matter jurisdiction in this case. As noted above, a plaintiff bears the burden of establishing that subject matter jurisdiction is proper. *Kokkonen*, 511 U.S. at 377, 98 S.Ct. 2396. This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over an action. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780 (1936); Fed. R. Civ. P. 8(a). In the amended complaint, Mr. Porter does not assert the substantive claim necessary. Rather, he quite clearly expresses that he "does not wish to re-litigate the liability of his EEO complaint." (SAC, p.7)(emphasis added). Mr. Porter is also clear that he includes this language "to ensure the court has jurisdiction," but again clearly reasserts that he "has no interest in pursuing the liability issue" unless he is "forced to." (SAC, pp. 7-8)(emphasis added). Moreover, this contradictory language does not assert a "plain" statement of a claim, as required by Fed. R. Civ. Proc. 8(a).

The Court further notes that while all present tense language in the complaint refers to Mr. Porter's desire to pursue the claim of attorneys fees and costs, the liability issue is presented in future and conditional tense only. Thus, Mr. Porter never actively asserts the claim on the liability issue. As the presumption is that federal courts are "without jurisdiction unless the contrary affirmatively appears." *Fifty Associates v. Prudential Ins. Co. of America*, 446 F.2d 1187, 1190 (9th Cir. 1970), this Court is without jurisdiction in this case.

Finally, this Court does not "force" plaintiffs to claim issues they do not with to re-litigate. Fundamentally, federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 341 (1994). In its prior ruling, this Court ruled that assertion of a substantive claim was necessary to satisfy the strict requirements of jurisdiction. The equivocal, contradictory and unsupported language in the complaint is a "transparent attempt to conform the facts to the requirements of the cause of action." *Ellingson v. Burlington Northern, Inc.*, 653 F.2d 1397, 1324

(9th Cir. 1981) (discussing sham pleadings and Fed. R. Civ. Proc. 11)  As such, Mr. Porter fails to properly plead the substantive claim.[1]

### C. No Jurisdiction for Claim of Attorneys' Fees and Costs Only

This Court has already established that it does not have jurisdiction on Mr. Porter's claim of attorneys' fees and costs in its Order of March 2, 2007.  The bulk of Mr. Porter's complaint and arguments in his papers reargue this already resolved issue.  Because there is no substantive issue plead, Mr. Porter has failed to state a claim upon which relief may be granted.  A Fed.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

### IV. CONCLUSION

For the foregoing reasons, the Navy's motion to dismiss is GRANTED.  The Clerk of Court is directed to CLOSE this case.

IT IS SO ORDERED.

**Dated:  June 5, 2007**                              /s/ Lawrence J. O'Neill
                                                          UNITED STATES DISTRICT JUDGE

---

[1] The Navy alternatively argues that Mr. Porter's substantive claim is time-barred.  This Court need not reach that persuasive argument here.