IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD L. PORTER,<br><br>　　　　　　Plaintiff,<br>　　vs.<br>DONALD C. WINTER, Secretary of the Department of the Navy,<br><br>　　　　　　Defendant.<br>_____/ | CASE NO. CV F 06-0880 LJO SMS<br><br>**ORDER ON PLAINTIFF'S MOTION TO TO RECONSIDER DISMISSAL OF HIS CASE** (Doc. 32) |

Plaintiff Ronald Porter filed a Motion to Reconsider this Court's dismissal of his action on June 5, 2007. In addition, he requests leave to amend his complaint.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff challenges an Equal Employment Opportunity Commission ("EEOC") administrative award of attorneys fees of $3,395.00 and $1,000.00 in costs on his administrative claims. In his federal complaint, Plaintiff alleges that "the Navy failed to pay all of his attorney fees and cost[s] and all his costs as prevailing party." (Doc. 1, Complaint p.1.)

On March 2, 2007, this Court dismissed plaintiff's original complaint and granted Mr. Porter leave to amend. In dismissing his Complaint, this Court reasoned:

> Here, plaintiff's complaint alleges that he was awarded some but not all of his attorney's fees and costs for the administrative proceeding before the EEOC. His complaint alleges one claim for relief and requests that he be awarded all of his fees and costs. Plaintiff's complaint does not allege violation of Title VII. Plaintiff's complaint does not allege that the denial of his requested attorney's fees violated Title VII because it was

1

discriminatory; nor does he seek redetermination of his original discrimination claims. His complaint does not allege any substantive claims for violation of 42 U.S.C. §2000e-3, e-5, or e-16.  In sum, his complaint does not state a claim under Title VII. (Order Granting Motion to Dismiss, p. 7, Doc. 15).

This Court then determined that it did not have jurisdiction over Mr. Porter's complaint, but granted him leave to amend.

On March 16, 2007, plaintiff filed an amended complaint.  Mr. Porter again asserted a claim for attorney's fees, and also indicated he did not wish a review of the EEO decision:

> The question presented to the court in the initial complaint and here, was not just and attempt by Porter to receive additional attorney fees/costs..., but for the court to decide if the Navy's and the Commission's application/interpretation of the statutes addressing costs to be awarded to a prevailing complainant meets Congressional intent....If the court chooses to find no jurisdiction, it maybe (sic) an unwilling participant in fostering reprisal against federal employees. (Doc. 17, Second Amended Complaint, p.3).

Later in the amended complaint, Mr. Porter states:

> Porter does not wish to re-litigate the liability of his EEO complaint.  It is being included in this 2nd Amended Complaint to ensure the court has jurisdiction (Doc. 17, Second Amended Complaint, p.7)

And further, Mr. Porter identified that he was attempting to create jurisdiction:

> Porter intends to pursue the liability issue if the court determines that putting the Navy's liability at issue is the only way he can achieve compliance with the statutes and congressional intent governing his attorney fees/costs and his costs.  If the court identifies jurisdiction over the amount of attorney fees/cost (sic) and Porter's costs, without relitigating liability, Porter has no interest in pursuing the liability issue, however, if he is forced to, he is going to seek additional damages not provided by the Commission, including compensatory damages. (Doc. 17, Second Amended Complaint, p.8)

On March 30, 2007, Defendant moved to dismiss the amended complaint, again for lack of subject matter jurisdiction.  This Court granted the motion and dismissed the amended complaint with prejudice on June 5, 2007.

In plaintiff's current motion, plaintiff states that his "intent and desire" is for a "trial de novo on his discrimination complaint." (Doc.32, p. 2-3.)  This current motion, however, is inconsistent with the Mr. Porter's prior admission that the case is to recover attorneys fees and costs and not to relitigate the discrimination claim.  "The amendment of a pleading does not make it any the less an admission of the party." *Andrews v. Metro North Commuter R.R. Co.*, 882 F2d 705, 707 (2nd Cir. 1989); *see also White*

*v. ARCO/Polymers, Inc.* 720 F2d 1391, 1396, fn. 5 (5th Cir. 1983).

Mr. Porter first filed this action seeking only recovery of attorneys fees and costs, for which this Court lacks jurisdiction. Plaintiff cannot now alter his position claiming that he wishes a de novo review. Nonetheless, should that be his desire, the related cases, in which the substantive merits of the discrimination claim are at issue, is pending in *Ronald Porter v. Secretary of the Navy*, Case no CV F 03-6291 AWI SMS and Case no. CV F 07-825 AWI SMS. Accordingly, the Court denies plaintiff's request for reconsideration and to amend the complaint.

## **CONCLUSION**

For the foregoing reasons, the Court DENIES plaintiff's motion.

IT IS SO ORDERED.

**Dated:   September 14, 2007**              /s/ Lawrence J. O'Neill
                                                                    UNITED STATES DISTRICT JUDGE