# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD L. PORTER, | CASE NO. 1:06-cv-00880-LJO-SMS |
| Plaintiff, | |
| v. | **ORDER DENYING PARTIES' STIPULATION TO EXTEND SCHEDULING DATES** |
| RAY MABUS, Secretary, Department of the Navy, | |
| | (Doc. 75) |
| Defendant. | |

On December 12, 2012, the parties to this action submitted a stipulation to extend the scheduled dates for the filing of dispositive motions, the pre-trial conference, and the trial of this matter. Because of the parties' historic failure to move this nearly seven-year-old case forward and because the stipulation does not comply with the procedures set forth in the prior scheduling order, the Court denies extension of scheduling dates.

**Lackadaisical prosecution and defense.** The sole issue in this case is whether the EEOC abused its discretion in awarding Plaintiff a lesser amount of attorneys' fees and costs than he requested. This Court dismissed the complaint for lack of jurisdiction on March 2, 2007, and after Plaintiff attempted to amend his complaint, on June 5, 2007. As a result of Plaintiff's appeal, on May 6, 2010, the Ninth Circuit reversed this Court's decision, concluded that a District Court has jurisdiction to hear a case solely addressing the amount of attorneys' fees and costs awarded to a prevailing plaintiff in an EEOC action, and remanded to this Court for further proceedings. Following the appellate court's denial of a petition for rehearing, the remand order

took effect on August 19, 2010.  The Magistrate Judge conducted two status conferences in November 2010, at which the parties indicated their intent to conduct a deposition of Plaintiff regarding his damages calculation, which was to be followed by a settlement attempt.  Thereafter, neither party took any action regarding this case until March 2012, when the District Judge entered an order of intent to close the case for inactivity.

Plaintiff, proceeding *pro se*, protested that he had merely been waiting for further instruction from the Court.  Ultimately, both parties participated in a scheduling conference on April 10, 2012.  The scheduling order, issued April 12, 2012, set dates for discovery completion, November 2, 2012; non-dispositive motion filing deadline, November 9, 2012; dispositive motion filing deadline, December 14, 2012; pretrial conference, February 5, 2013; and jury trial, April 2, 2013.  Doc. 65.  The Magistrate Judge cautioned both parties, who confirmed their understanding, that in light of this district's extraordinary case loads, the District Judge would permit no modification or extension of the scheduled trial date.  The Court and the parties also discussed the likely need for very minimal discovery, in light of the limited scope of Plaintiff's claim for review of the EEOC's order granting attorneys' fees and costs.

At no point prior to the expiration of the discovery period on November 2, 2012, did either party advise the Magistrate Judge of any difficulty in the exchange of discovery.  Nonetheless, although the scheduling order provided that "no written discovery motions shall be filed without the prior approval of the assigned Magistrate Judge" (Doc. 65 at 12), over ten days after the discovery cut-off, on November 13, 2012, Plaintiff filed a lengthy motion to compel discovery and impose sanctions (Doc. 69), returnable December 5, 2012.  The motion failed to comply with the scheduling order's provisions relating to discovery disputes in nearly all regards.         On November 28, 2012, following multiple attempts to communicate with Plaintiff regarding the procedural requirements for resolving a discovery dispute, Defendant filed a Joint Statement Re Discovery Dispute (Doc. 72).  Defendant represented that it had responded to all of Plaintiff's discovery requests.  On November 29, 2012, the Court took Plaintiff's motion under submission.

1 **The parties' stipulation to modify scheduling order.**  The parties' stipulation purports to extend the dispositive motion filing date to April 12, 2013, the pretrial conference date to May 21, 2013, and the trial date to July 9, 2013.  Neither party asked the Court whether the stipulated dates were available.  The stipulation states only that extension is necessary because the outstanding order on Plaintiff's motion to compel discovery and impose sanctions "impacts Plaintiff's ability to file fully informed Dispositive Motions, make decisions regarding possible depositions and follow up discovery if granted by the court, within limited time left, and make an informed pretrial statement."  Doc. 75.  Neither party acknowledges the serious purpose of the scheduling order in the managing the business of one of the nation's busiest courts, despite the scheduling order's clear language:

> Scheduling orders are vital to the Court's case management.  Scheduling orders are "the heart of case management," *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986), and are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).  A 'scheduling conference order is not a frivolous piece of paper, idly entered, which can be disregarded without peril.'  *Johnson*, 975 F.2d at 610.

Doc. 65 at 7.

The scheduling order directed the parties to notify the Court *immediately* if they determined that "extremely good cause" existed to modify the dates specifically reserved for them. *See* Doc. 65 at 7.  The stipulation to modify the scheduling order does not address the existence of good cause for modification nor does it append affidavits, declarations or exhibits supporting the proposed extensions of time as the order requires.  The parties' failure to anticipate the scheduled end of the discovery period and to timely advise the Court of discovery disputes does not constitute good cause for modification of the scheduling order, particularly when submitted on the eve of the scheduled deadline for submission of dispositive motions.

The stipulation to move the scheduling dates is DENIED.

IT IS SO ORDERED

Dated:   December 13, 2012                             /s/ SANDRA M. SNYDER
                                                      UNITED STATES MAGISTRATE JUDGE

3