IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD L. PORTER,<br><br>           Plaintiff,<br><br>     vs.<br><br>DONALD C. WINTER, Secretary of the Department of the Navy,<br><br>           Defendant.<br>_____/ | CASE NO. CV F 06-0880 LJO SMS<br><br>**ORDER ON RECONSIDERATION OF DENIED EXTENSION OF DATES** |

## INTRODUCTION

Pro se plaintiff Ronald L. Porter ("Mr. Porter") seeks reconsideration of U.S. Magistrate Judge Sandra Snyder's December 13, 2012 order ("December 13 order") to deny extensions of the dispositive motion, pretrial conference and trial dates. For the reasons discussed below, this Court DENIES Mr. Porter reconsideration.

## BACKGROUND

After seven years of litigation in this Court and the Ninth Circuit, the only remaining issue is whether the Equal Employment Opportunity Commission abused its discretion with its award of attorney fees and costs to Mr. Porter. After remand from the Ninth Circuit, Judge Snyder conducted an April 10, 2012 scheduling conference and issued an April 12, 2012 scheduling order. On November 13, 2012, after the discovery motion deadline, Mr. Porter filed a voluminous motion to compel discovery and to impose sanctions. On December 12, 2012, the parties filed their skeletal stipulation to seek to extend

1

the December 14, 2012 dispositive motion filing deadline to April 12, 2013, the February 5, 2013 pretrial conference to May 21, 2013, and the April 2, 2013 trial to July 9, 2013. The stipulation seeks the extensions in that the outstanding order on Mr. Porter's discovery motion impacts his "ability to file fully informed Dispositive Motions, make decisions regarding possible depositions and followup discovery, if granted by the court, within the limited time left, and make an informed pretrial statement."

The December 13 order denied the requested extensions and noted the stipulation's absence of good cause:

> The parties' failure to anticipate the scheduled end of the discovery period and to timely advise the Court of discovery disputes does not constitute good cause for modification of the scheduling order, particularly when submitted on the eve of the scheduled deadline for submission of dispositive motions.

The December 13 order further noted the "parties' historic failure to move this nearly seven-year-old case forward" and to "comply with the procedures set forth in the prior scheduling order."

## RECONSIDERATION STANDARDS

Mr. Porter seeks reconsideration of the December 13 order in that "denial of the stipulation does not allow time for a decision on his motion to compel and any other necessary actions prior to his pretrial requirements." Mr. Porter continues that the absence of proper defense discovery responses "would severely impact his ability to proceed and meet the courts [sic] requirements for pre-trail [sic] and trial" to "place Porter in a very difficult position at trial, requiring him to proceed without knowledge of the Navy's defenses, possible witnesses, unknown general testimony of Navy witnesses, surprise documents, etc."

Reconsideration motions are committed to the discretion of the trial court. *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. *See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

This Court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). As

1  such, the court may only set aside those portions of a Magistrate Judge's order that are either clearly
2  erroneous or contrary to law.  Fed.R.Civ.P. 72(a); *see also Grimes v. City and County of San Francisco*,
3  951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non-dispositive pretrial matters that are
4  reviewed for clear error under Rule 72(a)).

5        A magistrate judge's factual findings are "clearly erroneous" when the district court is left with
6  the definite and firm conviction that a mistake has been committed.  *Security Farms v. International*
7  *Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997); *Green v. Baca*, 219 F.R.D. 485, 489 (C.D. Cal.
8  2003).  The "contrary to law" standard allows independent, plenary review of purely legal determinations
9  by the magistrate judge.  *See Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3rd Cir.1992); *Green*, 219
10  F.R.D. at 489; *see also Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002).  "An order is contrary
11  to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure."  *Knutson*
12  *v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008); *Rathgaber v. Town of*
13  *Oyster Bay*, 492 F.Supp.2d 130, 137 (E.D.N.Y.2007); *Surles v. Air France*, 210 F.Supp.2d 501, 502
14  (S.D. N.Y. 2001); *see Adolph Coors Co. v. Wallace*, 570 F.Supp. 202, 205 (N.D. Cal. 1983).

15        "Pretrial orders of a magistrate under § 636(b)(1)(A) . . . are not subject to a de novo
16  determination . . ."  *Merritt v. International Bro. of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. 1981).
17  "The reviewing court may not simply substitute its judgment for that of the deciding court."  *Grimes*,
18  951 F.2d at 241; *see Phoenix Engineering & Supply v. Universal Elec.*, 104 F.3d 1137, 1141 (9th Cir.
19  1997) ("the clearly erroneous standard allows [for] great deference").  A district court is able to overturn
20  a magistrate judge's ruling "'only if the district court is left with the definite and firm conviction that
21  a mistake has been made.'"  *Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F.Supp.2d 980, 983
22  (S.D. Cal. 1999) (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)).

23        With these standards in mind, this Court turns to whether the parties are entitled to extend dates.

### SCHEDULING STANDARDS

25        Pursuant to F.R.Civ.P. 16(b)(3)(A), district courts must enter scheduling orders to establish
26  deadlines for, among other things, to "file motions" and "complete discovery."  Scheduling orders may
27  also "set dates for pretrial conferences and for trial."  F.R.Civ.P. 16(b)(3)(B)(v).  "A schedule may be
28  modified only for good cause and with the judge's consent."  F.R.Civ.P. 16(b)(4).  The scheduling order

"controls the course of the action unless the court modifies it." F.R.Civ.P. 16(d).

Scheduling orders "are the heart of case management," *Koplve v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986), and are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). A "scheduling conference order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." *Johnson*, 975 F.2d at 610. In *Johnson*, 975 F.2d at 609, the Ninth Circuit Court of Appeals explained:

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . . Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. . . . [T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999); *see Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D. W.Va. 1995). In addressing the diligence requirement, this Court has noted:

> Accordingly, to demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that she was diligent in assisting the Court in creating a workable Rule 16 order, *see In re San Juan Dupont*, 111 F.3d at 228; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, *see Johnson*, 975 F.2d at 609; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order, *see Eckert Cold Storage*, 943 F.Supp. at 1233.

*Jackson*, 186 F.R.D. at 608.

Moreover, this Court's Local Rule 144(d) provides:

> Counsel shall seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon as the need for an extension becomes apparent. Requests for Court-approved extensions brought on the required filing date for the pleading or other documents are looked upon with disfavor.

There are no grounds to reverse the December 13 order which is absolutely correct. The December 13 order properly denied extensions in the absence of good cause or diligence to extend dates. The parties' request reveals the antithesis of diligence given the lateness of Mr. Porter's discovery motion. Mr. Porter's concerns regarding defense evidence are unavailing given the this action's limited issue and defense obligations to disclose pretrial its exhibits and witnesses. This action has been pending

for nearly 2½ years after Ninth Circuit remand with apparent minimal activity. For nearly seven months, the parties have known of looming deadlines and at the last minute sought to extend deadlines based on their lack of effort. The parties' failure to complete timely discovery and dispositive motions is a problem they, not this Court, created. As such, this Court DENIES reconsideration of the fully supported December 13 order.

Moreover, this Court ADMONISHES the parties that it will not tolerate attempts to delay resolution of this action or attempts to vex opponents or this Court. Failure to comply with this admonishment will serve as grounds for the imposition of sanctions on counsel or a party who fails to adhere to this admonishment. This Court FURTHER ADMONISHES the parties and counsel that they are required to obey the Federal Rules of Civil Procedure and this Court's Local Rules and orders and are subject to sanctions as this Court deems appropriate. Moreover, this Court will strike papers which it deems frivolous or as an attempt to delay or vex.

IT IS SO ORDERED.

Dated:   **January 7, 2013**               /s/  **Lawrence J. O'Neill**
                                           UNITED STATES DISTRICT JUDGE