# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD L. PORTER, | CASE NO. 1:06-cv-00880-AWI-SMS |
| Plaintiff, | |
| v. | **DISCOVERY ORDER** |
| RAY MABUS, Secretary,<br>Department of the Navy, | |
| Defendant. | (Doc. 69) |

Plaintiff, Ronald Porter, appearing *pro se,* moves for an order compelling Defendant to provide discovery and for sanctions against Defendant for failure to provide discovery.  Although Defendant reported that it had responded to every discovery request before its filing of the joint statement of discovery dispute (Doc. 72), filed November 28, 2012, the motion to compel sets forth a laundry list of deficiencies in Defendant's responses.  Having carefully reviewed materials submitted in conjunction with the motion, the case record, and applicable law, the Court finds that Plaintiff's discovery requests exceeded the scope of the claim, that Plaintiff's objections to Defendant's responses were misplaced, and that the motion to compel discovery was untimely and failed to comply with the provisions of the Court Rules and the scheduling order.  As a result, the Court denies the motion to compel discovery and impose sanctions.

**I.**    **Plaintiff Disregarded the Scheduling Order**

The scheduling order in this case (Doc. 65) provided for discovery to end on November 2, 2012.  It further ordered:

1

> <u>Regarding discovery disputes</u>, no written discovery motions shall be filed without the prior approval of the assigned Magistrate Judge. A party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute. If that good faith effort is unsuccessful, the moving party shall then seek a prompt hearing with the assigned Magistrate Judge by telephone or in person.

Doc. 65 at 12.

Disregarding these provisions, Plaintiff filed a written motion to compel discovery on November 13, 2012, eleven days after the close of discovery. He neither requested a hearing this the assigned Magistrate Judge nor secured her permission to file a written motion. As such, the motion is procedurally improper.

**Ii.     Plaintiff Disregarded the Scope of Discovery**

Rule 26 provides that a plaintiff is entitled to obtain discovery regarding any nonprivileged matter that is relevant to the opposing party's defense. F.R.Civ.P. 26(b)(1). Nonetheless, the Court is responsible for regulating the breadth of contentious or sweeping discovery. Adv. Comm. Notes to 2000 Amendment to F.R.Civ.P. 26(b)(1). Discovery must focus on the actual claims and defenses in the action. *Id.*

The sole issue in this case is whether the Equal Opportunity Commission abused its discretion in its award of attorneys' fees and cost to Plaintiff. Title VII authorizes prevailing parties to recover reasonable attorneys' fees, including amounts attributable to proceedings before administrative proceedings. 42 U.S.C. § 1988; *see Webb v. Board of Educ. of Dyer County, Tenn.*, 471 U.S. 234, 235-36 (1985). Determination of a fee award is a discretionary matter. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The petitioner bears the burden of proving his entitlement to the requested fee. *Webb*, 471 U.S. at 244. A court's consideration of a fee petition "'should not result in a second major litigation.'" *Id.* at 244 n. 20*, quoting Hensley*, 461 U.S. at 437. Parties are properly admonished "to limit adversary hostilities and to avoid excessive cross-examination of fee witnesses." *Webb*, 471 U.S. at 244, n. 20.

As a reviewing court, this Court's task is to determine whether the EEOC abused its discretion in ordering a fee award to Plaintiff that was substantially less than the fees and costs he had claimed. It must presume that the agency's action was valid and must affirm the agency

action if it had a reasonable basis. *Kern County Farm Bureau v. Allen*, 450 F.3d 1072, 1076 (9th Cir. 2006). A court may only set aside a final agency action, such as the fee award challenged here, if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706 (2)(A). Its evaluation is based on the complete record of the action below or those parts of the record cited by a party. 5 U.S.C. § 706 (2). Since the District Court's determination relies on the record below, very little discovery, if any, is necessary when a prevailing party appeals an agency award of attorneys' fees and costs. Plaintiff seeks to compel sweeping and contentious discovery far beyond the scope of this Court's review of the EEOC order for fees and costs.

### III. Conclusion and Order

Because Plaintiff's motion to compel discovery was procedurally improper and sought production of discovery far beyond the scope of this action, the Court DENIES Plaintiff's motion to compel discovery.

The Clerk of Court is directed to mail Plaintiff a copy of this order.

IT IS SO ORDERED.

Dated:    **February 24, 2013**            /s/ Sandra M. Snyder
                                     UNITED STATES MAGISTRATE JUDGE