IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD L. PORTER,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>DONALD C. WINTER, Secretary of the Department of the Navy,<br><br>　　　　　　　Defendant.<br>_____/ | CASE NO. 1:06-cv-00880-LJO-SMS<br><br>**ORDER ON MOTION FOR ATTORNEY'S FEES** (Docs. 86, 87) |

## I. INTRODUCTION

Pro se plaintiff Ronald L. Porter ("Mr. Porter") is a former civilian employee for the Navy. He filed a complaint with the Equal Employment Opportunity Commission ("EEOC") in which he alleged gender discrimination and retaliation under Title VII. The EEOC found the Navy liable for retaliation and awarded attorney's fees. In this action, Mr. Porter challenges the EEOC's award of attorney's fees and costs. Now before the Court are the parties' papers regarding Mr. Porter's challenges to the award. For the reasons discussed below, Mr. Porter's motion for attorney's fees is DENIED.

## II. BACKGROUND

**A. Facts**

On April 12, 2001, the EEOC found the Navy liable for retaliation. During the administrative proceeding Mr. Porter represented himself. The Navy appealed. On appeal, Mr. Porter retained Elaine

1

Wallace as counsel and responded to the Navy's appeal. The EEOC's decision was upheld. Mr. Porter, still proceeding with counsel, filed a request for reconsideration in which he requested additional damages and corrective action. The request for reconsideration was denied.

On September 13, 2003, Mr. Porter submitted a request for attorney's fees and costs. Mr. Porter and Ms. Wallace submitted declarations in support of the request. Mr. Porter's declaration outlined $1,610.34 in costs. Ms. Wallace's declaration outlined $1,405.02 in costs and $23,625 in attorney's fees for 67.5 hours of work at a rate of $350 an hour. On April 1, 2004, the Department of the Navy ("Department") issued its final decision on the amount of attorney's fees and costs to be awarded. It awarded Ms. Wallace $1,875 in attorney's fees and a lump sum of $1,000 in costs. The Department determined that the request for fees and costs was not supported by sufficiently detailed contemporaneous time records or documentation of costs. The Department further determined that Ms. Wallace was only entitled to fees for services rendered after June 23, 2001, because Mr. Porter represented himself up until that point which left only 7.70 hours of services for which reimbursement was sought. The Department found the 7.70 hours to be an unreasonable amount and reduced the number to 4.25 hours. The Department awarded an additional 2.0 hours for the time it took Ms. Wallace to make a decision on representation for a total award of 6.25 hours. The Department reduced Ms. Wallace's hourly rate, without explanation, to $300 an hour and ultimately awarded her $1,875 in fees. The Department awarded a lump sum of $1,000 in costs given the absence of supporting documentation.

Mr. Porter timely appealed the Department's decision to the EEOC. In a decision dated September 20, 2005, the EEOC increased the award of attorney's fees to $3,395 and left the $1,000 award in costs undisturbed. The EEOC determined that because the Department failed to specify its rationale for reducing Ms. Wallace's hourly rate, that Ms. Wallace sufficiently established an hourly rate of $350. The EEOC further determined that the Department failed to substantiate why it found the hours requested to be unreasonable and awarded the 7.70 hours worked after June 23, 2001, plus the 2.0 hours it took Ms. Wallace to make a decision on representation, for a total award of 9.70 hours. 9.70 hours at an hourly rate of $350 totals $3,395. The EEOC left the $1,000 award in costs undisturbed based on its determination that there was insufficient documentation regarding the costs incurred. Following the

EEOC's decision, Mr. Porter filed a request for reconsideration which was denied.

**B. Procedural History**

On July 11, 2006, Mr. Porter filed a pro se complaint with this Court against Donald C. Winter, Secretary of the Department of the Navy ("Navy"). (Doc. 1). He contends that he is entitled to the full amount of attorney's fees and costs previously requested. (Doc. 1). This Court dismissed the complaint and the second amended complaint for lack of subject matter jurisdiction based on its determination that it did not have jurisdiction to adjudicate a claim solely for attorney's fees "without a claim of a substantive violation of Title VII." (Doc. 15, 29). Mr. Porter appealed. (Doc. 36). The Ninth Circuit reversed this Court's decision and remanded based on its determination that "[b]ecause 42 U.S.C. §§ 2000e-5(f)(1) and 2000e-5(k) authorize a civil suit in federal court solely to recover attorney's fees for legal work done in administrative proceedings, Porter's claim qualifies as an 'action [] brought under this subchapter' for purposes of Title VII's jurisdictional grant." *Porter v. Winter*, 603 F.3d 1113, 1118 (9th Cir. 2010) (quoting 42 U.S.C. § 2000e-5(f)(3)).

On remand, this Court found Mr. Porter's claim suitable for a decision without a hearing or trial, vacated the trial dates, and ordered the parties to submit papers in support of their positions. (Doc. 84). Now before the Court are the parties' filings regarding Mr. Porter's challenges to the EEOC's attorney's fees and costs award. The Navy contends that Mr. Porter's claim should be reviewed under the deferential standard set forth in the Administrative Procedures Act ("APA") and that under this standard the EEOC's decision should be affirmed. (Doc. 87-1). The Navy further argues that even if the APA does not apply, the EEOC's award complies with the regulations and is amply supported by the record. (Doc. 90).

Mr. Porter's position is a bit confusing. (Docs. 86, 88). He challenges the EEOC's decision under the APA standard but also challenges the EEOC's award under Title VII. He also requests the Court to consider all of the points, authorities, and case law in his fee petition to the EEOC; his appeal to the EEOC regarding attorney's fees and costs; and other administrative filings. Also, included in Mr. Porter's pro se filings are two declarations from his former counsel, Ms. Wallace, which contain extensive legal argument. (Docs. 86-1, 88-1). In light of Mr. Porter's pro se status, this Court will construe his filings liberally. *See Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir. 1984) (the Ninth Circuit

3

"has long had a rule of liberal construction of pleadings presented by *pro se* litigants . . .").

## III. DISCUSSION

### A. Applicability of APA

The Navy contends that this action is governed by the APA thus, this Court should review the EEOC's final decision in an appellate capacity under the APA's deferential standard of review.

"[T]he APA does not provide that all 'agency action' is automatically reviewable." *Hall v. EEOC*, 456 F. Supp. 695, 700 (N.D. Cal. 1978). The APA provides judicial review for "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704; *see also Ward v. EEOC*, 719 F.2d 311, 313-14 (9th Cir. 1983). Here, an adequate remedy exists because the Ninth Circuit has held that "42 U.S.C. §§ 2000e-5(f)(1) and 2000e-5(k) authorize a civil suit in federal court solely to recover attorney's fees for legal work done in administrative proceedings." *Porter*, 603 F.3d at 1118. Thus, review under the APA does not apply and this Court construes Mr. Porter's pro se complaint as a Title VII action for attorney's fees and costs.

### B. Title VII Action for Attorney's Fees and Costs

Title VII provides for reasonable attorney's fees to a prevailing party. 42 U.S.C. § 2000e-5(k). A prevailing party need not succeed on all issues. "If the plaintiff has succeeded on any significant issue in litigation which achieved some of the benefit the parties sought in bringing suit, the plaintiff has crossed the threshold to a fee award of some kind." *Texas State Teacher's Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791-92 (1989).[1] "[T]he Supreme Court has adopted a two-pronged approach to the calculation of a reasonable attorney's fee under Title VII. A court must first calculate a lodestar figure by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Davis v. City and County of San Francisco*, 976 F.2d 1536, 1541 (9th Cir. 1992), *opinion vacated in part on other grounds on denial of reh'g*, 984 F.2d 345 (9th Cir. 1993) (internal quotation marks omitted). Next, "[a]lthough there is a strong presumption that the lodestar represents a reasonable fee," *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992), the Court may make adjustments based on

---

[1] *Texas State Teacher's Ass'n*, is a 42 U.S.C. § 1988 case. Both the Supreme Court and the Ninth Circuit have held that the standards for determining a reasonable attorney's fee under 42 U.S.C. § 1988 and 42 U.S.C. § 2000e-5(k) are the same. *Davis v. City and County of San Francisco*, 976 F.2d 1536, 1541 n.1 (9th Cir. 1992). Thus, this Court will rely on both § 1988 and § 2000e-5(k) cases in assessing Mr. Porter's request for attorney's fees. *Id*.

4

a variety of factors, *see Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) *citing Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  Title VII suits are de novo.  *See Chandler v. Roudebush*, 425 U.S. 840 (1976).

**1. Number of Hours Reasonably Expended**

"In determining reasonable hours, counsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended.  Those hours may be reduced by the court where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; [or] if the hours expended are deemed excessive or otherwise unnecessary." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986) (internal citations omitted), *reh'g denied, amended on other grounds*, 808 F.2d 1373 (1987).  "The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client." *Moreno*, 534 F.3d at 1111.

Mr. Porter asserts that from August 13, 1998, until September 13, 2003, counsel worked 67.50 hours on his case.  The bulk of these hours, 59.80, were worked prior to June 23, 2001.  This is significant because the regulations provide that:

> Attorney's fees shall be paid for services performed by an attorney after the filing of a written complaint, provided that the attorney provides reasonable notice of representation to the agency, administrative judge or Commission, except that fees are allowable for a reasonable period of time prior to the notification of representation for any services performed in reaching a determination to represent the complainant . . .Written submissions to the agency that are signed by the representative shall be deemed to constitute notice of representation.

29 C.F.R. § 1614.501(e)(1)(iv).  Counsel clearly provided notice of representation on June 23, 2001, when she submitted an appellate brief on Mr. Porter's behalf.  Prior to this time however, nothing indicates that Mr. Porter was represented by counsel.  During the administrative appeal, counsel argued that the Navy had notice of representation prior to June 23, 2001, because on May 9, 1997, the Department cc'd her on a letter which transmitted Mr. Porter's case to the EEOC.  This does not constitute reasonable notice of representation because the only reason counsel was cc'd on the letter was because Mr. Porter cc'd counsel on his letter to the Department in which he requested a hearing before the EEOC.  Thus, the Department simply did the same thing in its response letter.  In addition, the

hearing request was signed by Mr. Porter.  There was no written submission signed by counsel.

To the extent Mr. Porter maintains that he is entitled to attorney's fees for the time counsel assisted him while he was proceeding pro se, this Court finds that he is not entitled to fees for this time. As discussed above, the regulations only authorize attorney's fees for services performed after the "attorney provides reasonable notice of representation." 29 C.F.R. § 1614.501(e)(1)(iv). The only exception to this rule is for "services performed in reaching a determination to represent the complainant." *Id*. Counsel did not submit a notice of representation until she filed the appellate brief. Thus, fees are not authorized for any time expended prior to the submission of the appellate brief. For the same reasons, Mr. Porter is not entitled to the time counsel expended in preparing the appellate brief. *See Belding v. Dep't of the Army*, 1990 WL 1109607, *3 (Nov. 1, 1990) (finding that because it was appellant's brief on appeal which constituted notice of representation, counsel was not entitled to services rendered prior to this notice except for work performed in determining whether to represent appellant). Because counsel failed to provide reasonable notice of representation prior to June 23, 2001, Mr. Porter is not entitled to attorney's fees for the 59.80 hours worked prior to this time.

Mr. Porter contends that counsel worked 7.70 hours on his case after submitting her notice of representation. This Court finds that these hours were reasonably expended on Mr. Porter's case. This Court also awards Mr. Porter 2.0 hours for the time it took counsel to make a determination regarding representation. *See Vincent v. Dep't of the Army*, 1996 WL 93801, *7 (Feb. 27, 1996) (recognizing that the Commission has previously found that an attorney may reasonably expend up to two hours to determine whether to represent a complainant). Accordingly, this Court finds that counsel reasonably expended 9.70 hours on Mr. Porter's case.

**2. Reasonable Hourly Rate**

A reasonable hourly rate is determined by considering the "experience, skill, and reputation of the attorney requesting fees." *Chalmers*, 796 F.2d at 1210. "Determination of a reasonable hourly rate is not made by reference to rates actually charged [by] the prevailing party." *Id*. Rather, "in determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (per curiam). Declarations regarding the "prevailing

1  market rate in the relevant community . . . [are] sufficient to establish the appropriate [billing] rate for
2  lodestar purposes." *Bouman v. Block*, 940 F.2d 1211, 1235 (9th Cir. 1991).  "Generally, the relevant
3  community is the forum in which the . . . court sits." *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir.
4  1997).  However, rates outside the forum may be used "if local counsel was unavailable, either because
5  they are unwilling or unable to perform because they lack the degree of experience, expertise, or
6  specialization required to handle properly the case." *Gates*, 987 F.2d at 1405.

7        Here, the EEOC determined that a reasonable hourly rate for work performed in 2003 was $350.
8  During the administrative appeal, counsel requested an hourly rate of $375.  She supported her request
9  with citations to two administrative decisions for hearings that occurred in San Francisco.  In both cases
10 the administrative judge set counsel's hourly rate at $375.  The citations are unpersuasive.  "While an
11 attorney's prior fee award may bear on the selection of a reasonable fee in a later case . . . simply offering
12 the prior award is not enough." *Barjon*, 132 F.3d at 502.  In addition, the citations are inaccessible and
13 counsel did not attach copies of the decisions.  Further, even if this Court were to accept the rate set forth
14 in these decisions, this rate reflects the prevailing market rate for San Francisco and not for Los Angeles
15 which is where the administrative appeal was decided.  Likewise, counsel does not discuss whether local
16 counsel was unavailable which would make the San Francisco rate applicable, *see Gates*, 987 F.2d at
17 1405 (recognizing that rates outside the forum may be used if local counsel is unavailable), or whether
18 San Francisco and Los Angeles have similar market rates.

19       In counsel's declarations to this Court, she submits two fee petitions from other cases.  Counsel
20 alleges that the fee petitions show the historic progression of her hourly rate.  Similar to the evidence
21 submitted during the administrative appeal, the fee petitions list various administrative decisions
22 awarding counsel various rates.  These awards do not show that the rate charged was in line with the
23 prevailing market rate of the relevant community.  *See Carson v. Billings Police Dept.*, 470 F.3d 889,
24 891 (9th Cir. 2006) (When a party seeks an award of attorney's fees, that party "has the burden to prove
25 that the rate charged is in line with the prevailing market rate of the relevant community.").
26 Accordingly, this Court finds that $350 is a reasonable hourly rate for work performed by Ms. Wallace
27 in 2003.

28       Counsel also contends that Mr. Porter is entitled to counsel's current market rate of $425 an hour.

7

1  The Ninth Circuit has long recognized that "district courts have the discretion to compensate prevailing
2  parties for any delay in the receipt of fees by awarding fees at current rather than historic rates in order
3  to adjust for inflation and loss of the use of funds." *Gates*, 987 F.2d at 1406; *see also Barjon*, 132 F.3d
4  at 502 ("the district court may choose to apply either the attorney's current rates to all hours billed or the
5  attorney's historic rates plus interest"). Here, counsel's declaration provides that she already received
6  the $3,395 awarded by the EEOC. (Doc. 86-1, p. 25). Counsel does not indicate when she received
7  payment. Accordingly, this Court is unable to decipher the extent of any delay and thus, cannot provide
8  compensation for the alleged delay in payment.

9  In sum, this Court finds that counsel reasonably expended 9.70 hours on Mr. Porter's case. This
10 Court further finds that $350 is a reasonable hourly rate for work performed by Ms. Wallace in 2003.
11 Thus, Mr. Porter is entitled to $3,395 in attorney's fees (9.70 hours times $350). Because the Navy
12 already paid this amount, no further action is necessary with regard to attorney's fees.

13 **3. Costs**

14 Unless "a court order provides otherwise, costs - other than attorney's fees - should be allowed
15 to the prevailing party." FED. R. CIV. P. 54(d)(1). Whether to award costs is a matter within the district
16 court's discretion. *Ass'n of Mexican-Am. Educators v. State of Cal.*, 231 F.3d 572, 591-92 (9th Cir.
17 2000) (en banc). "In exercising th[is] discretion, a district court must specify reasons for its refusal to
18 award costs." *Berkla v. Corel Corp.*, 302 F.3d 909, 921 (9th Cir. 2002) (internal quotation marks
19 omitted).

20 The costs that may be awarded in an EEOC administrative proceeding are those authorized by
21 28 U.S.C. § 1920. *See* 29 C.F.R. § 1614.501(e)(2)(ii)(C) (incorporating § 1920 into the regulations).
22 This includes, but is not limited to, the cost of making copies, where the copies are necessarily obtained
23 for use in the case, as well as fees and disbursements for witnesses. *See* 28 U.S.C. § 1920(3), (4). Local
24 Rule 54-292(f)(11) allows the Court to tax other items it believes should be compensable "in the interest
25 of justice."

26 Although a pro se litigant is not entitled to attorney's fees, a pro se litigant is entitled to recover
27 actual expenses reasonably incurred to the extent an attorney could have received those expenses, this
28 includes costs that are included in a lawyer's overhead. *Burt v. Hennessey*, 929 F.2d 457, 458-59 (9th

Cir. 1991). This also includes expenses incurred during the course of litigation which are normally billed to fee-paying clients. *Grove v. Wells Fargo Fin. California, Inc.*, 606 F.3d 577, 581 (9th Cir. 2010); *see also Chalmers*, 796 F.2d at 1216 n.7. Thus, a pro se litigant is entitled to receive reimbursement for out-of-pocket expenses normally included in an attorney's fees award such as travel, courier, and copying costs. *Davis*, 976 F.2d at 1556.

Here, counsel requests $1,405.02 for costs incurred prior to June 23, 2001. Because counsel incurred these costs prior to providing reasonable notice of representation, counsel is not entitled to these costs. *See* 29 C.F.R. § 1614.501(e)(1)(iv). Counsel does not request any costs for expenses incurred after June 23, 2001. Therefore, this Court finds that counsel did not incur any reimbursable costs.

Mr. Porter requests $1,610.34 for costs incurred while he was acting pro se. Specifically, he requests reimbursement for his copying, postage, witness fee, and telephone expenses. He also requests mileage and a per diem for time he spent traveling to meet with his attorney. Mr. Porter is not entitled to the $531 he requests for mileage and the $260 he requests for per diem. Mr. Porter incurred these costs on June 23, 2001, and September 13, 2001. He incurred these costs while traveling to meet with his attorney to discuss and prepare his appeal. Thus, Mr. Porter did not incur these costs as a pro se litigant.

Mr. Porter is entitled to the remaining $819.34 he requests for his copying, postage, witness fee, and telephone expenses. Mr. Porter is entitled to $144.30 for his copying expenses because 28 U.S.C. § 1920(4) allows recovery of the cost of making copies where "the copies are necessarily obtained for use in the case." *See also* Local Rule 54-292(f)(5). Construing the record in a light favorable to the pro se litigant, this Court finds that the copies were necessarily obtained for use in this case. Mr. Porter is also entitled to the $600 he labels as witness fees because 28 U.S.C. § 1821 authorizes the recovery of per diem, mileage, and subsistence costs for witnesses. *See also* Local Rule 54-292(f)(8). Finally, Mr. Porter is entitled to the $55.04 he requests for postage costs and the $20.00 he requests in miscellaneous phone charges, as these are the type of costs normally included in a lawyer's overhead. *See Burt*, 929 F.2d at 458-59.

The following chart summarizes this Court's findings with regard to costs:

9

|  |  |
|---|---|
| Reimbursable costs incurred by counsel: | $0 |
| Reimbursable costs incurred by Mr. Porter: | |
| Mileage | $0 |
| Per diem | $0 |
| Copying | $144.30 |
| Witness Fees | $600.00 |
| Postage | $ 55.04 |
| Misc. Phone Charges | $ 20.00 |
| Total: | $819.34 |

Unfortunately, the above findings do not end this matter as the EEOC awarded the parties $1,000 in costs jointly without explanation and plaintiff has already received the $1,000 award. (Doc. 86-1, p. 25). The Navy acknowledges that Mr. Porter received more than he was entitled to under the law but does not analyze the cost issue and does not request the Court to disturb the EEOC's decision. Because Mr. Porter has received $1,000 in costs and the Navy does not seek reimbursement for the amount paid in excess of $819.34 this Court does not order Mr. Porter to pay the difference. If the Navy wishes to recover the $180.66 it is entitled to, it may file a motion stating its position. Any such motion is due within seven (7) calendar days of electronic service of this order.

**C. Costs and Fees for the Instant Action**

Neither Ms. Wallace nor Mr. Porter are entitled to attorney's fees or costs for the time spent on the instant action because plaintiff is not a prevailing party. *See* 42 U.S.C. § 2000e-5(k) ("the court . . . may allow the prevailing party . . . a reasonable attorney's fee . . . ).

**IV. CONCLUSION AND ORDER**

For the reasons discussed above, this Court DENIES Mr. Porter's motion to increase the fees and costs previously awarded by the EEOC. This Court finds that Mr. Porter is entitled to $3,395 in attorney's fees. Because the Navy already paid this amount, no further action is necessary. This Court further finds that Mr. Porter is entitled to $819.34 in costs. Because the Navy already paid $1,000 in costs and does not seek reimbursement for the difference, no further action is necessary unless the Navy

1  wishes to recover the $180.66 it is entitled to.  If the Navy wishes to recover the difference in costs, it
2  shall file a motion stating its position within seven (7) calendar days of electronic service of this order.
3  No further action by Mr. Porter is necessary, unless this Court orders otherwise.

IT IS SO ORDERED.

**Dated:   April 4, 2013**            /s/  Lawrence J. O'Neill
                                   UNITED STATES DISTRICT JUDGE